UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

O'NEAL BOSLEY

VERSUS

SHERIFF BRENT ALLAIN, ET AL

CIVIL ACTION

NO. 05-1023-BAJ-SCR

# RULING

This matter is before the Court on a motion by defendants, Jeff Zettlemoyer, Daniel Falcon, Gerald Jenkins, and Ty Patin, for summary judgment (doc. 54). The motion is opposed (doc. 56), and defendants have filed a motion for leave to reply to the opposition (doc. 62) which the Court shall grant herein.[1] Also before the Court is a motion by plaintiff, O'Neal Bosley, for a bench trial (doc. 55). Defendants have filed no opposition to plaintiff's motion. Jurisdiction is based on 28 U.S.C. ¶ 1331, and trial of this matter is scheduled for May 23, 2011.

The background of this matter is well known to the parties and need not be repeated here. On February 18, 2011, defendants filed the present motion for summary judgment on the remaining Fourth Amendment claims as well as on the issue of quantum and punitive damages. In support of the motion, defendants argue that there is no genuine dispute of fact regarding: (1) the legality of the search, because it was performed pursuant to the exigent circumstances exception to the Fourth Amendment's proscription of searches conducted without a warrant; or (2)

---

[1] The Court, having determined to grant the motion for leave to reply to the opposition to the motion for summary judgment, has reviewed and considered the proposed memorandum which shall be entered into the record under a separate document number.

the legality of the seizure, because it was conducted pursuant to the plain view exception to the warrant requirement. Defendants also argue that the claim for punitive damages should be dismissed because plaintiff has failed to set forth evidence to establish a genuine issue of fact as to: (1) whether defendants acted maliciously, wantonly, or oppressively as is required for an award of punitive damages arising out of a claim asserted pursuant to Section 1983; or (2) whether plaintiff sustained compensatory damages upon which a punitive damage claim may be based.

**MOTION FOR SUMMARY JUDGMENT**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant

2

"fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**Fourth Amendment Claim**

"To determine the constitutionality of a seizure, [a court] must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 1699 (1985). "Because one of the factors is the extent of the intrusion it is plain that reasonableness depends on not only when a seizure is made but also how it is carried out." *Id.*

Assuming, without deciding, that the search was conducted pursuant to consent or that the initial seizure was conducted pursuant to the plain view or exigent circumstances exception to the Fourth Amendment proscription on warrantless searches and seizures, the Court finds that defendants have nonetheless failed to carry their burden of setting forth evidence to establish that no genuine dispute of fact exists regarding the reasonableness of the extent of the seizure. Defendants' Statement of Undisputed Facts indicates that, upon observing cigar boxes in the kitchen/storage area of the store, the officers opened the boxes, confirmed that they contained cigars, and "then seized the tobacco products and left Mr. Bosley's place of business" before being told by Sheriff Brent Allain to return the products to Mr. Bosley (doc. 54-7, ¶¶ 22-24).

As is noted above, the sheriff instructed the officers to return the property shortly after it was seized. The Court finds that a reasonable jury could conclude from the evidence in the record that the removal of the property from the premises violated plaintiff's Fourth Amendment right to be free of unreasonable seizures. Accordingly, the Court finds that a genuine dispute of fact exists which precludes summary judgment in favor of defendants with regard to the plaintiff's Fourth Amendment Claim.

**Punitive Damages**

"Punitive damages are designed to punish a wrongdoer for 'willful and malicious conduct, and to deter others from similar behavior.'" *Richard v. City of Harahan*, 6 F.Supp.2d 565, 576 (1998) (quoting, *Memphis Community School Dist. V. Stachura*, 477 U.S. 299, 307, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1986)). Thus, plaintiff must prove that the defendants' acts were "maliciously, wantonly, or oppressively done." *Id.* In addition, "recovery of punitive damages must necessarily turn on the recovery of compensatory damages." *Id.* See also, *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 417 (5th Cir. 1998) (stating that "[c]ompensatory damages may be awarded only if the plaintiff submits proof of actual injury, often in the form of psychological or medical evidence, or other corroborating testimony from a third party").

Though plaintiff opposes the motion for summary judgment, he has not directed the Court to any evidence in the record which supports a claim for punitive damages. The Court notes, however, that plaintiff is proceeding pro se and may be

4

unaware that, in opposing the present motion for summary judgment, he bears the burden of setting forth evidence, including but not limited to affidavits or depositions, from which a reasonable jury could conclude that the elements of a claim for punitive damages are met. Accordingly, in the interest of justice, the Court shall extend the deadline for plaintiff to oppose the motion for summary judgment insofar as it pertains to his claim for punitive damages.

**PLAINTIFF'S MOTION FOR A BENCH TRIAL**

Though plaintiff did not argue extensively in support of his pending motion for a bench trial, he did state in a separate document:

> Plaintiff never agreed to a magistrate hearing this case. Defendants [sic] decided against a jury trial because he was under the impression that the trial will come before a federal judge, not a magistrate. Defendants [sic] still request this case be heard by a judge and not a magistrate.

(Doc. 59).

From the foregoing language, the Court concludes that plaintiff's consent to a bench trial, and the present motion for a bench trial, are both based on a mistaken impression that such consent is necessary for the trial to proceed before a District Judge rather a Magistrate Judge. The jury trial of this matter is currently scheduled to proceed before a United States District Judge. Accordingly, the motion for a bench trial shall be denied.

5

## CONCLUSION

For all the above reasons:

The motion by defendants for leave to file a reply to the opposition to the motion for summary judgment (doc. 62) is **GRANTED**, and **IT IS ORDERED** that the proposed Reply Memorandum in Support of Defendants' Second Motion for Summary Judgment be entered into the record of this matter;

The motion by plaintiff for a bench trial (doc. 55) is **DENIED**;

The motion by defendants for summary judgment (doc. 54) is **DENIED** only insofar as defendants seek summary judgment dismissing the Fourth Amendment claim, however, **IT IS ORDERED** that plaintiff shall have ten days from the filing of this order in which to set forth evidence to meet his burden in opposing defendants' motion for summary judgment (doc. 54) insofar as it pertains to plaintiff's claim for punitive damages.

Baton Rouge, Louisiana, March 24, 2011

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA