UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

O'NEAL BOSLEY

VERSUS

SHERIFF BRENT ALLAIN, ET AL

CIVIL ACTION

NO. 05-1023-BAJ-SCR

## RULING

This matter is before the Court on a motion by defendants, Jeff Zettlemoyer, Daniel Falcon, Gerald Jenkins, and Ty Patin, for summary judgment (doc. 54). The motion is opposed (doc. 56), and defendants have replied to the opposition (doc. 65). Jurisdiction is based on 28 U.S.C. ¶ 1331, and trial of this matter is scheduled for May 23, 2011.

On February 18, 2011, defendants filed the present motion for summary judgment on the remaining Fourth Amendment claims as well as on the issue of quantum and punitive damages. On March 24, 2011, the Court denied the motion for summary judgment insofar as defendants sought dismissal of plaintiff's Fourth Amendment claims. The Court, however, withheld ruling on the motion insofar as defendants sought dismissal of the claims for punitive damages and stated:

> "Punitive damages are designed to punish a wrongdoer for 'willful and malicious conduct, and to deter others from similar behavior.'" *Richard v. City of Harahan*, 6 F.Supp.2d 565, 576 (1998) (quoting, *Memphis Community School Dist. V. Stachura*, 477 U.S. 299, 307, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1986)). Thus, plaintiff must prove that the defendants' acts were "maliciously, wantonly, or oppressively done." *Id.* In addition, "recovery of punitive damages must necessarily

> turn on the recovery of compensatory damages." *Id.* See also, *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 417 (5th Cir. 1998) (stating that "[c]ompensatory damages may be awarded only if the plaintiff submits proof of actual injury, often in the form of psychological or medical evidence, or other corroborating testimony from a third party").
>
> Though plaintiff opposes the motion for summary judgment, he has not directed the Court to any evidence in the record which supports a claim for punitive damages. The Court notes, however, that plaintiff is proceeding pro se and may be unaware that, in opposing the present motion for summary judgment, he bears the burden of setting forth evidence, including but not limited to affidavits or depositions, from which a reasonable jury could conclude that the elements of a claim for punitive damages are met. Accordingly, in the interest of justice, the Court shall extend the deadline for plaintiff to oppose the motion for summary judgment insofar as it pertains to his claim for punitive damages.

(Doc. 64, pp. 4-5).

The ruling further provided that "plaintiff shall have ten days from the filing of this order in which to set forth evidence to meet his burden in opposing defendants' motion for summary judgment (doc. 54) insofar as it pertains to plaintiff's claim for punitive damages" (doc. 64, p. 6). Plaintiff filed no document within the deadline specified. Two days after the deadline, plaintiff filed a document which, even if it had been filed timely, failed to direct the Court to any evidence in the record which supports a claim for punitive damages.

Instead, the document makes allegations against several state court district judges as well as other persons who are not defendants in the present suit, and plaintiff provides notice that he intends, at trial of this matter, to introduce information

2

from complaints he has filed in previous suits in the 18th Judicial District Court for the State of Louisiana. Plaintiff also indicated his intent to subpoena individuals who were not disclosed on the pretrial list or who have not been deposed.[1]

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Court finds that plaintiff, O'Neal Bosely, has failed to meet his burden of setting forth actual evidence to establish that a genuine dispute of fact with regard to essential elements of his claim for punitive damages. Specifically, plaintiff has

---

[1] Defendants have filed a motion in limine, seeking exclusion these items (doc. 67). That motion will be addressed separately.

failed to set forth any evidence to establish that he suffered compensatory damages or that defendants acted maliciously, wantonly, or oppressively.[2]

## CONCLUSION

The motion by defendants for summary judgment (doc. 54), having already been denied insofar as defendants sought dismissal of the claims asserted for violation of his Fourth Amendment right to be free of unreasonable searches and seizures, is hereby **GRANTED**, insofar as defendants seek dismissal of plaintiff's claim for punitive damages.

Baton Rouge, Louisiana, April 26, 2011

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[2]The Court notes that a plaintiff may be entitled to nominal damages based upon a violation of his constitutional rights even in the absence of a showing of compensatory damages. See e.g., Carey v. Piphus, 435 U.S. 247, 266, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978) (holding that a violation of constitutional rights without proof of actual injury entitles defendant to "recover nominal damages not to exceed one dollar"); Fyfe v. Curlee, 902 F.2d 401 (5th Cir. 1990) (awarding nominal damages of $1.00 for a constitutional violation).

4