UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

O'NEAL BOSLEY

VERSUS

SHERIFF BRENT ALLAIN, ET AL

CIVIL ACTION

NO. 05-1023-BAJ-SCR

**RULING**

This matter is before the Court on a motion in limine by defendants, Jeff Zettlemoyer, Daniel Falcon, and Ty Patin, to exclude testimony and evidence at trial (doc. 67). Plaintiff opposes the motion (doc. 68). Jurisdiction is based on 28 U.S.C. ¶ 1331, and trial is scheduled for May 23, 2011.

On April 6, 2011, plaintiff filed a Status Report in which he indicated that he "intends to introduce information from previous complaints and suits filed by plaintiff before against Judge Robin Free, Judge James Best, and Judge Sharah" (doc. 66, ¶¶ 2-3). Plaintiff also stated that he "may subpoena other witnesses . . ., such as his daughter, Tasma Brooks, Dr. Frances Wiggins, Reverend Thermon Arnold, Judge James Bess [sic], Judge Robin Free, Dana Laurpenter [sic], attorney for the sheriff's department, J. Gerald (Bubba) Dupont, Jr. of Iberville parish clerk of court, Mike Distafano [sic] of the DA office or other court employees" (doc. 66, ¶ 5).

On the following day, defendants filed the present motion in limine seeking exclusion of: (1) any testimony by witnesses not identified on either of the plaintiff's two pre-trial orders, including but not limited to the individuals identified in the Status Report of April 6, 2011; (2) any testimony by Dwayne Smith who was untimely

identified as a potential witness, who failed to appear for a scheduled deposition, and who couldn't be served with a subpoena at the address provided by plaintiff; (3) any evidence not identified on plaintiff's two pre-trial orders, including, but not limited to pleadings from prior litigation identified in the Status Report of April 6, 2011; (4) any evidence regarding events other than those which occurred at Mr. Bosley's place of business on the date of the seizure at issue; and (5) any evidence regarding claims and issues which have already been dismissed by the Court.

In opposition to the motion, plaintiff notes that defendants, in the pretrial order, "reserved the right to bring up any and all court proceedings filed by Plaintiff against any court officials or judges" (doc. 68). Plaintiff also asserts that "several parties in the 18th Judicial Court" conspired against him in the past (doc. 68, ¶ 2).

## LAW AND DISCUSSION

Rule 402 of the Federal Rules of Evidence provides that "[e]vidence which is not relevant is not admissible." Rule 401 of the Federal Rules of Evidence provides that "'[r]elevant evidence' means any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The only defendants still in this action are Jeff Zettlemoyer, Daniel Falcon, Gerald Jenkins, and Ty Patin and the only remaining claim asserted against those defendants is a violation of plaintiff's Fourth Amendment right to be free of unreasonable seizures. Therefore, evidence is not admissible at trial of this matter unless it is relevant to that claim against those defendants, meaning it will only be admissible if it helps to prove or disprove that those defendants violated plaintiff's

Fourth Amendment right by committing an unreasonable seizure at his place of business on August 16, 2004.

Whether proposed by plaintiff or defendants, evidence pertaining to prior litigation involving other claims against other parties is not relevant to this action and is not admissible at trial of this matter. Moreover, plaintiff's claims of municipal liability, conspiracy, false arrest, false imprisonment, malicious prosecution, invasion of privacy, emotional distress, and negligence have been dismissed (doc. 35) as has plaintiff's claim for punitive damages (doc. 69). Because those claims are no longer before the Court, evidence bearing on those claims is not relevant and may be presented to prove or disprove those claims.

"[T]he district court has no obligation to consider evidence not listed in the pre-trial order unless "necessary to prevent manifest injustice." *DSC Communications Corp. V. Next Level Communications*, 107 F.3d 322, 327 (5th Cir. 1997). See also, *Goodman v. Lee,* 78 F.3d 1007, 1011 (5th Cir. 1996) *cert. denied,* 519 U.S. 861, 117 S.Ct. 166, 136 L.Ed.2d 108 (1996) (same). Plaintiff has not shown how the evidence discussed in his April 6, 2011 Status Report is relevant to the sole remaining claim in this litigation, much less how admission of such evidence is necessary to prevent manifest injustice. Accordingly, the evidence mentioned in the April 6, 2011 Status Report shall not be admitted at trial unless previously disclosed in the pre-trial orders.

Defendants also seek exclusion of the testimony of Dwayne Smith who was first identified by plaintiff as a witness on March 7, 2011. Defendants object to the late disclosure of the witness and also assert that they have been unable to serve the witness at the address provided by plaintiff. Though plaintiff filed an opposition

to the motion, plaintiff did not oppose the motion insofar as it sought exclusion of the testimony of Dwayne Smith, nor did plaintiff seek to contradict defendants' assertion that they have not been able to depose Mr. Smith. Accordingly, the proposed testimony of Dwayne Smith shall be excluded at trial.

## CONCLUSION

For all of the above reasons, the motion in limine by defendants (doc. 67) is **GRANTED** and the following evidence **shall be excluded** from the trial of this matter:

(1) any testimony or other evidence not previously disclosed by the parties in the pretrial orders;

(2) any testimony by Dwayne Smith;

(3) any evidence pertaining to previous lawsuits;

(4) any evidence bearing on claims that have been dismissed in this action, including plaintiff's claims of municipal liability, conspiracy, false arrest, false imprisonment, malicious prosecution, invasion of privacy, emotional distress, negligence, or punitive damages;

(5) any evidence that is not relevant to prove or disprove that, on August 16, 2004, defendants, Jeff Zettlemoyer, Daniel Falcon, Gerald Jenkins, and Ty Patin, violated plaintiff's Fourth Amendment right to be free of unreasonable seizures.

Baton Rouge, Louisiana, April 27, 2011

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA